UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DEXTER D. ANDERSON, | Civil No. 11-CV-1486 (DWF/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| UNITED STATES OF AMERICA, WARDEN B.R. JETT, S. YOUNG, C. NICKRENZ, DR. M. NELSON, L. KRIEG, J. SCHULTZ, J. FEDA, FEDERAL MEDICAL CENTER, | |
| Defendants. | |

Plaintiff, a federal prison inmate, commenced this action by filing a pleading entitled "Combined Civil Rights and Federal Tort Cliams [sic] Act Complaint." (Docket No. 1.) Plaintiff did not tender the full $350.00 filing fee for this action with his complaint, but he instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). On June 16, 2011, this Court issued an order granting Plaintiff's Application to Proceed In Forma Pauperis. (Docket No. 7). In its order, the Court stated that:

> Because IFP status is being granted, Plaintiff is entitled to have the Defendants served by the United States Marshal, (see 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3)), and marshal service will therefore be ordered for the named Defendants. However, marshal service cannot be accomplished at this time, because Plaintiff has not yet submitted the documentation needed to effect service of process. To cure this deficiency, Plaintiff must submit one properly completed marshal service form, Form USM-285,1 for each Defendant to be served. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (it is the IFP plaintiff's "responsibility to provide proper addresses for service on [defendants]"), cert. denied, 510 U.S. 875 (1993). If Plaintiff does not satisfy this requirement within thirty (30) days, he will be deemed to have abandoned this action, and it will be recommended that the case be dismissed, without prejudice, for lack of prosecution. Fed. R. Civ. P. 41(b).

(Order [Docket No. 7], p. 2). The Order further stated that, "[w]ithin thirty (30) days after the date of this order, Plaintiff shall file one completed Marshal Service Form, USM-285, for each Defendant to be served in this matter, failing which it will be recommended that the action be dismissed pursuant to Fed. R. Civ. P.41(b)."

The deadline for satisfying the requirements of the Court's June 16 Order has since expired, and the Plaintiff has failed to comply with the directives of that Order. Specifically, the Plaintiff has not submitted the documentation necessary to effect service of process by the United States Marshall. Based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with its prior order, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice. Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

NOW, THEREFORE, It is-

RECOMMENDED:

1. That the Plaintiff's Complaint [Docket No. 1] be DISMISSED WITHOUT PREJUDICE, for failure to comply with this Court's Order of June 16, 2011, and for lack of prosecution.

Dated: July 27, 2011  s/Leo I. Brisbois
LEO I. BRISBOIS
United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by August 10, 2011**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.